IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEREMIE NUTT,　　　　　　　　　　CASE NO. 2:08-cv-204
　　　　　　　　　　　　　　　　　　JUDGE FROST
　　　Petitioner,　　　　　　　　　　MAGISTRATE JUDGE ABEL

v.

MICHAEL SHEETS, Warden,

　　　Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On the evening of April 19, 2006, Ray Keller interrupted a robbery in progress at his home. Mr. Keller encountered two men stealing his guns from his home. When he confronted the men, they fled from the scene. One individual fled in a car, and the other on an all-terrain vehicle. Mr. Keller recognized one of the men as the Appellant, as he had been a student in Mr. Keller's class some years earlier. Mr. Keller informed the police of the burglary, and an officer came out to the scene and inspected his home.
>
> The next day, Mr. Keller went to a local store named Gibson's where he saw the Appellant and Bradley Steele eating. While at Gibson's, Mr. Keller confronted the Appellant, asking where

he had been the evening before. At this point, the Appellant became very agitated and left the store. After encountering the Appellant and Mr. Steele at Gibson's, Mr. Keller drove to the Appellant's mother's house, where he saw in the driveway the same car that had fled from his residence the night before. Mr. Keller also saw the Appellant sitting with Mr. Steele on the front porch at the residence.

Later that day, Mr. Keller went to the police station, where he related to officials a statement of what had taken place and viewed a photo line-up. Mr. Keller identified the Appellant and Bradley Steele from the photo line-up as the individuals who had broken into his home and stolen his property the night before.

On May 5, 2006, the Appellant was indicted on a charge of burglary in violation of R.C. 2911.12. He was arraigned on June 5, 2006. A trial on the matter took place on September 11 and 12, 2006. The jury found the Appellant guilty of burglary, and he was sentenced to a term of six years in prison.

*State v. Nutt,* 2007 WL 1732754 (Ohio App. 4th Dist. June 12, 2007). Petitioner filed a timely appeal in which he asserted the following assignments of error:

1. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

2. THE TRIAL COURT ERRED IN ITS SUPPLEMENTAL INSTRUCTION TO THE JURY FOLLOWING INDICATION BY THE JURY THAT IT COULD NOT REACH A UNANIMOUS VERDICT.

*See id.* On June 12, 2007, the appellate court affirmed the trial court's judgment. *Id.* On October 31, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Nutt*, 115 Ohio St.3d 1474 (2007).

2

On March 4, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner's conviction is against the manifest weight of the evidence.
> 2. The trial court erred in its supplemental instruction to the jury following indication by the jury that it could not reach a unanimous verdict.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

**CLAIM ONE**

In claim one, petitioner asserts that his conviction is against the manifest weight of the evidence. This claim fails to present an issue appropriate for federal habeas corpus review. The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle,* 703 F.2d 959, 969 (6th Cir.1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find teach element of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U .S. 307, 319 (1979). In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting

3

testimony, weight of the evidence, and the credibility of the witnesses. *Jackson*, 443 U.S. at 319; *Walker*, 703 F.2d at 969.

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence-as opposed to one based upon insufficient evidence-requires the appellate court to act as a "thirteenth juror" and review the entire record, weight the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida,* 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

**CLAIM TWO – PROCEDURAL DEFAULT**

In claim two, petitioner asserts that the trial court erred in its supplemental instruction to the jury following indication by the jury that it could not reach a unanimous verdict. The state appellate court reviewed this claim for plain error only, due to petitioner's failure to object at trial. Respondent maintains that the claim is procedurally barred.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state

4

and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982)( *per curiam* ); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was

5

actually prejudiced by the alleged constitutional error. *Id.*

The Ohio Court of Appeals held that the trial judge did not commit plain error when giving the supplemental jury instructions:

> [T]he Appellant argues that the trial court erred when it gave a supplemental instruction to the jury after the jury indicated it could not reach a unanimous verdict. We initially note that Appellant did not object to the court's jury instructions. The failure to object to a jury instruction waives any claim of error relative to that instruction unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Barrett,* Scioto App. No. 03CA2889, 2004-Ohio-2064; citing *State v. Noling* (2002), 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88.
>
> In *State v. Howard* (1989), 42 Ohio St.3d 18, 537 N.E.2d 188, the Supreme Court of Ohio approved a supplemental charge to be given to juries that have become deadlocked on the question of conviction or acquittal. The *Howard* charge states:
>
> "The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their

positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors."

The Appellant argues that the trial court acted coercively by providing the *Howard* charge after approximately two hours of jury deliberations and by failing to give the third paragraph of the Howard charge, otherwise known as the *Martens* charge, as stated in *State v. Martens* (1993), 90 Ohio App.3d 338, 629 N.E.2d 462. This Court has previously acknowledged that the better practice is to give the precise *Howard* instruction as approved by the Supreme Court of Ohio. See *Barrett,* supra; See, also, *State v. Mulhern,* Vinton App. No. 02CA565, 2002-Ohio-5982; citing *State v. Lopez* (1993), 90 Ohio App.3d 566, 582, 630 N.E.2d 32; *State v. Willis* (Jul. 29, 1996), Stark App. No. 95CA202. However, as aptly noted by the Eighth District Court of Appeals, the *Howard* charge is not an absolute mandate for trial courts to follow, but rather a suggestion. *State v. Williams* (Jul. 5, 1995), Cuyahoga App. No. 66864, 1995 WL 396369. If a court deviates from the *Howard* language, the court must ensure that the charge satisfies the concerns of the *Howard* opinion. In particular, a court must ensure that the instruction (1) encourages a unanimous verdict only when one can conscientiously be reached, leaving open the possibility of a hung jury and resulting mistrial; and (2) calls for all jurors to reevaluate their opinions, not just the minority members. *Id.;* See, also, *State v. Matyas,* Jefferson App. No. 98-JE-14, 2000-Ohio-2671; *State v. McClendon* (Jan. 20, 1998), Stark App. No. 97CA71, 1998 WL 518524; *State v. Dixon* (Mar. 13, 1997), Cuyahoga App. No. 68338, 1997 WL 113756.

After reviewing the trial court's jury instructions in this case, we conclude that the court's charge complied with *Howard.* Thus, we find no error in the trial court's charge, let alone plain error. Likewise, we do not find that the trial court provided the *Howard* charge in a coercive manner. At the point at which the

> trial court judge issued the charge, the jury had indicated it could not return a unanimous decision. Thus, the charge was properly issued. The Appellant's second assignment of error is overruled.

*State v. Nutt, supra*, 2007 WL 1732754.

The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir.2000).

> Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley,* 380 F.3d 932, 968 (6th Cir.2004), *cert. denied* , 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith,* 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.; Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir.2001); *Stojetz v. Ishee,* 2006 WL 328155 *12 (S.D.Ohio Feb.10, 2006).
>
> A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle,* 271 F.3d at 244. The federal court, in determining whether a state court has relied on a procedural rule to bar review of an issue, examines the latest reasoned opinion of the state courts and presumes that later courts enforced the bar instead of rejecting the claim on the merits. *Hinkle,* 271 F.3d at 244 (citing *Ylst, v. Nunnemaker* , 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

*Adams v. Bradshaw,* 484 F.Supp.2d 753, 771 (N.D. Ohio 2007). Petitioner therefore has waived his claims for federal habeas corpus review.

Petitioner can still obtain federal habeas corpus review of this claim if he establishes

cause for his procedural default, as well as prejudice from the constitutional violation that he alleges. Petitioner has failed to establish cause or prejudice for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. Petitioner has failed to meet this standard here.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C.§ 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,*

474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                <u>s/Mark R. Abel    </u>
                United States Magistrate Judge